UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEVON LETOURNEAU,                          :
       Plaintiff,                         :
                                          :
       v.                                 :    C.A. No. 14-421L
                                          :
LINDA AUL, et al.,                         :
       Defendants.                        :

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

      For the second time, Plaintiff Devon Letourneau, a *pro se* prisoner at the Adult

Correctional Institutions ("ACI"), has asked the Court to order interim injunctive relief to assist

in the prosecution of this civil rights action. The first such motion was filed before the complaint

was served in a letter interpreted by the Court as a motion for temporary restraining order to

prevent several defendants from blocking his access to the prison law library. ECF No. 12. The

District Court denied that motion by text order. Plaintiff has now returned with a motion of a

similar hue; it contends that the Court's denial of the first motion will cause him to "continue to

suffer unless this court acts." ECF No. 29 at 2. The new motion seeks an order to require two

ACI officials, who are not named defendants, to provide him with copies of legal documents

more quickly and to "stay away from [his] legal work." Id. For the reasons that follow, I

recommend that Plaintiff's motion for relief against nonparties be denied. ECF No 29.

## I.    Background[1]

---

[1] A more detailed explication of the facts and travel is set out in the memorandum and order issued concurrently with this report and recommendation. There are a total of six motions currently pending before the Court; five are non-dispositive and addressed in the memorandum and order. This report and recommendation tackles the remaining motion – Plaintiff's Motion for Relief Against Nonparties (ECF No. 29) – because it could be interpreted

Plaintiff claims that he is a member of a "culture" called the "Nation of Gods and Earths" and that he has been deprived of reading material related to his beliefs; he also alleges that he has been administratively confined for the same reason. ECF No. 1; ECF No. 38 at 12-14. He has filed two motions seeking injunctive relief based on the limitations on his access to the law library caused by the administrative confinement. His first motion was a one-page letter filed on December 22, 2014, stating that an "urgent matter" had arisen in that one of the Defendants had taken away his law library access and prevented him from performing legal work and research "in order to proceed efficiently . . . as his Constitutional Gaurantee." ECF No. 12. Although the complaint had not been served yet, Plaintiff maintained these actions were taken in retaliation for the Court's decision on December 3, 2014, to allow his case to proceed past screening pursuant to 28 U.S.C. §§ 1915(e), 1915A. ECF No. 11. Plaintiff asked the Court for "TRO's against said Defendants, however, my law-library removal prohibits my ability to research procedures to file." ECF No. 12. This Court interpreted the letter as a motion for a temporary restraining order and denied it by text order on February 5, 2015. See Text Order of Feb. 5, 2015.

Plaintiff's second attempt to obtain interim injunctive relief is the "Motion For Relief Against Nonparties" now pending before the Court. ECF No. 29. It is brought "pursuant to Rule 71" of the Federal Rules and Civil Procedure.[2] The motion claims that two ACI officials, who are not named defendants, provide him with copies of material after he requests it, that they are slow, taking up to a week, and that this pattern of behavior has been going on for over two months. It has caused him to "becom[e] very frustrated." ECF No. 29. He asks the Court to

---

as seeking injunctive relief. 28 U.S.C. § 636(b)(1)(B) (magistrate judge may consider a motion for injunctive relief only by report and recommendation).

[2] Fed. R. Civ. P. 71 states: "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."

order that the two ACI officials "stay away from (my) legal work and (I) receive copies of upon request for Court purposes as is (my): Plaintiff's inalienable right." ECF No. 29 at 2.

Defendants have objected to Plaintiff's motion, not only because there is no underlying order to enforce pursuant to Fed. R. Civ. P. 71, but more importantly because Plaintiff has not alleged or encountered any impediment or hindrance to the prosecution of his case. As Defendants point out, since the case was initiated in September 2014, Plaintiff has successfully filed ten motions, four requests for waiver of service and four versions of his complaint; this activity evidences how little difficulty he has faced in aggressively prosecuting this action. Importantly, eight of the ten motions and three of the four iterations of his complaint were filed after Plaintiff alleges he was administratively confined and denied direct law library access.

## II. STANDARD OF REVIEW

Interpreting the motion as one for interim injunctive relief, this Court must be guided by traditional equity doctrines. Bourgoin v. Sebelius, 928 F. Supp. 2d 258, 267 (D. Me. 2013). "A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." Id. (quoting Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8–9 (1st Cir. 2012)). To obtain a preliminary injunction, a plaintiff bears the burden of demonstrating by a fair preponderance of the evidence: (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest. Nieves–Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003); see Smith v. Newport Nat'l Bank, 326 F. Supp. 874, 877 (D.R.I. 1971). A plaintiff seeking a preliminary injunction bears the burden of demonstrating that each of the four factors weigh in his favor. Esso Standard Oil Co. v. Monroig–Zayas, 445 F.3d 13, 18 (1st Cir. 2006). Likelihood of success on the merits is

the most important prong.  <u>Sindicato Puertorriqueno de Trabajadores v. Fortuno</u>, 699 F.3d 1, 7 (1st Cir. 2012).

A motion for injunction usually seeks to restrict a party from taking some action.  The purpose of the injunction "is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs."  <u>CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.</u>, 48 F.3d 618, 620 (1st Cir. 1995).  However, a motion for injunction can also seek to change the status quo and demand that a party take affirmative action – this is known as a "mandatory injunction."  <u>See Textron Fin. Corp. v. Freeman</u>, No. CA 09-087S, 2010 WL 5778756, at *2 (D.R.I. Oct. 28, 2010).  When the relief sought is a mandatory injunction, the court should exercise even a further degree of caution.  <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u>, 66 F. Supp. 2d 317, 327 (D.R.I. 1999) (citing <u>Dahl v. HEM Pharm. Corp.</u>, 7 F.3d 1399, 1403 (9th Cir. 1993) (plaintiff's request for a mandatory injunction held to a standard of "heightened scrutiny")); <u>see</u> <u>Flores v. Wall</u>, No. CA 11-69 M, 2012 WL 4471103, at *7 (D.R.I. Sept. 5, 2012).  A mandatory injunction should not issue unless the facts and the law clearly favor the moving party.  <u>Robinson v. Wall</u>, No. C.A. 09-277-S, 2013 WL 4039027, at *2 (D.R.I. Aug. 7, 2013).

## III.  DISCUSSION

Plaintiff's motion for relief against nonparties contains elements of both a standard injunction and a mandatory injunction – it seeks an order requiring the two ACI officials to "stay away" from his legal work (a request to restrict the officials' actions) and to provide him with copies of legal documents more quickly (a request to require the officials to take affirmative action).  No matter how the motion is framed, Plaintiff has not come close to clearing the high bar required for such equitable relief.

Focusing first on the most important of the factors that comprise the four-prong test, substantial likelihood of success on the merits, I find that the lack of merit is plain – Plaintiff alleges that he experiences a delay in receiving court documents of up to seven days, while the Supreme Court has held that a delay as long as sixteen days is constitutionally permissible so long as it is the product of prison regulations reasonably related to legitimate penological interests.  Lewis v. Casey, 518 U.S. 343, 362 (1996).  Plaintiff's unlikelihood of success is also established by the District Court's denial of his earlier request for an injunction.  The theme of Plaintiff's current motion is the same – that prison officials are blocking his ability to efficiently prosecute his case by restricting access to the law library (first motion) or by not providing court filings fast enough (this motion).  Plaintiff offers no reason for departing from the District Court's earlier decision.  See Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002) ("court ordinarily ought to respect and follow its own rulings, made earlier in the same case"). Relatedly, as Defendants correctly point out, the motion is grounded on Fed. R. Civ. P. 71, which establishes the procedure for enforcing an order against a non-party; it presupposes that an order has already been entered that binds the non-party to specific conduct.  See Irwin v. Mascott, 370 F.3d 924, 931 (9th Cir. 2004) (when injunction addressed to non-party who is given notice, Rule 71 permits a district court to use same processes for enforcing obedience to order as if non-party is party); see also Jackson v. Astrue, No. 3:08-CV-461-J-34TEM, 2011 WL 305004, at *1 (M.D. Fla. Jan. 28, 2011); Llorens Pharm., Inc. v. Novis PR, Inc., No. CIV.04-2188 (JP), 2010 WL 521144, at *6 (D.P.R. Feb. 9, 2010).  Here, the Court declined to enter the predicate order when it denied the first motion for injunctive relief.  For all of these reasons, I find that Plaintiff has failed to establish likelihood of success on the merits of his motion.

Turning to the second prong of the injunction test, at least some positive showing of irreparable harm must be made, and there is no such showing here.  See Braintree Labs., Inc. v. Citigroup Global Mkts. Inc., 622 F.3d 36, 43 (1st Cir. 2010).  Since he was denied access to the law library and had to wait up to a week for copies, Plaintiff has filed three additional complaints with numerous attachments and eight motions seeking many different forms of relief.  By all appearances, Plaintiff is aggressively litigating and ACI prison officials are dutifully providing him with court documents, mailing his filings and filing responses.  There is no evidence of irreparable harm.  See Paladino v. Newsome, No. CIV. 12-2021, 2012 WL 6005778, at *2 (D.N.J. Nov. 30, 2012) (no irreparable harm when prison officials threaten prisoner to drop lawsuit but prisoner continues to prosecute case in court).

Plaintiff fares no better on the third and fourth prongs of the injunction inquiry.  He cannot show that the balancing of harm or the public interest require entry of injunctive relief.  At bottom, Plaintiff asks the Court to order ACI prison officials to change the way they conduct business with no factual evidence they have impeded his access to the Court.  On this record, there is no basis to intrude on the inner workings of the ACI, a subject area that requires strong deference by this Court.  See Lewis, 518 U.S. at 361-62 (court must give adequate deference to judgment of prison authorities; restrictions to law library for lockdown inmates appropriate); cf. Cutter v. Wilkinson, 544 U.S. 709, 717 (2005) (Congress anticipated that courts entertaining prisoner religious practices cases would accord "due deference to the experience and expertise of prison and jail administrators").  Whether framed as an injunction to bar the two non-party ACI officials from interfering with Plaintiff's legal activities, or as a mandatory injunction to require the officials to provide him with court documents more quickly, Plaintiff simply has not shown

that he is entitled to the "extraordinary and drastic remedy" of injunctive relief. Peoples Fed.

Sav. Bank, 672 F.3d at 8; see Ross-Simons of Warwick, Inc., 66 F. Supp. 2d at 327.

## IV. CONCLUSION

Based on the foregoing, I recommend that Plaintiff's motion for relief against nonparties

(ECF No. 29) be DENIED. Any objection to this report and recommendation must be specific

and must be served and filed with the Clerk of the Court within fourteen (14) days after its

service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file

specific objections in a timely manner constitutes waiver of the right to review by the district

judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d

5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir.

1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 3, 2015