UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEVON LETOURNEAU, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 14-421L |
| | : | |
| LINDA AUL, et al., | : | |
|     Defendants. | : | |
| | | consolidated with |
| ROBERT VANGEL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 15-43L |
| | : | |
| LINDA AUL, et al., | : | |
|     Defendants. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

Before the Court for report and recommendation in these consolidated cases are Plaintiff Devon Letourneau's Rule 54(c) Demand for Judgment and Plaintiff Robert Vangel's Motion in Response To Defendant's Motion to Stay. ECF Nos. 53, 56[1]; see 28 U.S.C. § 636(b)(1)(B). Both motions seek some form of dispositive relief: Mr. Vangel asks the Court to enter "judgment as a matter of law" based on "alarming evidence that is beyond dispute," ECF No. 53 at 1; while Mr. Letourneau asks for dispositive relief by arguing that his "declaration and exhibits show and prove the [Defendant's] violations in their own writings." ECF No. 56 at 5.

Plaintiffs Letourneau and Vangel are prisoners at the Adult Correctional Institutions ("ACI"), who initiated these cases *pro se*. They were not represented by counsel when they filed them; since then, on December 9, 2015, the Court appointed *pro bono* counsel in accordance

---

[1] All ECF numbers refer to docket entries in the lead case, Letourneau v. Aul, C.A. No. 14-421L.

with the Court's *Pro Bono* Plan to litigate their claims for injunctive and declaratory relief.  See Text Order of Dec. 9, 2015.

As the parties (including Plaintiffs participating *pro se*) were advised when they argued these motions during this Court's telephonic hearing of November 18, 2015, it is clear that, while not framed as such, Plaintiffs' *pro se* motions are asking the Court to enter summary judgment pursuant to Fed. R. Civ. P. 56, but both use the wrong procedural vehicles.  Mr. Letourneau asks the Court to enter judgment pursuant to Fed. R. Civ. P. 54(c), which governs final judgment; while Mr. Vangel did not follow the tenets of Fed. R. Civ. P. 56, DRI LR Cv 7 or LR Cv 56, which require a memorandum of law with supporting authorities and a statement of undisputed facts to move for summary judgment.  In addition to this procedural infirmity, Plaintiffs' motions are premature because the cases have just ended the pleadings stage and a stay on discovery was recently lifted (partially) on December 9, 2015, when the Court appointed *pro bono* counsel.  See ECF No. 58.  Even if Plaintiffs had brought their motions with spot-on compliance with Fed. R. Civ. P. 56 and the local rules, the Court would exercise its case management authority and deny the motions without prejudice to further development of the factual record.  See Quick Fitting, Inc. v. Wai Feng Trading Co., No. CA 13-56S, 2015 WL 5775108, at *2 (D.R.I. June 17, 2015) (purpose of case management is to develop most efficient approach to the resolution of disputes, with efficiency to be achieved by parties and the Court).

Plaintiffs are now represented by able *pro bono* counsel who is well-versed in bringing a procedurally proper summary judgment motion; a conditional order appointing a second counsel is pending.  Accordingly, I recommend that Plaintiff Letourneau's Rule 54(c) Demand for Judgment and Plaintiff Vangel's Motion in Response To Defendant's Motion to Stay (to the

extent it seeks dispositive relief) be denied without prejudice to Plaintiffs' right to file dispositive motions at the proper time by and through their appointed *pro bono* attorneys.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 15, 2015