UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DEVON LETOURNEAU, :  Plaintiff, : | |
| : | |
| v. : | C.A. No. 14-421JJM |
| : | |
| LINDA AUL, et al., :  Defendants. : | |
| : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Devon Letourneau is a prisoner in the custody of the Rhode Island Department of Corrections ("RIDOC") and a practitioner of the "culture and way of life" called the Nation of Gods and Earths ("NOGE"), also referred to as "Five Percenters." In this case initiated in 2014 by Plaintiff, consolidated with another case initiated by another inmate,[1] RIDOC entered into a settlement agreement whereby it recognized NOGE as a "religion," as that term is used in the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. See Vangel v. Aul, C.A. No. 15-43L, 2015 WL 5714850, at *6 (D.R.I. June 19, 2015) (pleading plausibly alleges that NOGE constitutes religion within meaning of First Amendment and RLUIPA), adopted, 2015 WL 5714855 (D.R.I. Sept. 29, 2015); Vangel v. Aul, C.A. No. 15-cv-043-M-PAS, 2015 WL 710811, at *2 (D.R.I. Feb. 18, 2015) (claim that RIDOC's ban on NOGE violates right to practice religion survives screening). The settlement agreement is set forth in a writing styled a "term sheet" that was signed by Plaintiff and two attorney representatives of RIDOC. ECF Nos. 80-1 at 7-8; 106-2. The term sheet was not entered as an

---

[1] Letourneau v. Aul, 14-cv-421-JJM, was consolidated with Vangel v. Aul, 15-cv-43-JJM. The plaintiff in Vangel v. Aul has not appeared in connection with the instant motion for contempt.

order of the Court nor did the Court retain jurisdiction to enforce it[2]; rather, after the term sheet was executed, the parties filed a written stipulation of dismissal with prejudice and the Court dismissed the case on March 29, 2017.  See ECF No. 79 & Text Order of March 29, 2017.

On December 6, 2023, Plaintiff filed a Fed. R. Civ. P. 70(e) motion in this long-closed case asking the Court to find RIDOC in contempt of the settlement agreement because it confiscated as contraband color copies of certain NOGE material sent to Plaintiff.  ECF No. 106.  Plaintiff contends that this action clashes with the term sheet's provision that "[a]ll publications received via mail shall be subject to the RIDOC's inmate mail policy.  NOGE materials shall not be deemed unacceptable simply because it contains NOGE content."  ECF No. 80-1 at 8.  The contempt motion has been referred to me.[3]

To prove civil contempt, a movant must show with clear and convincing evidence that (1) the alleged contemnor had notice of a court order, (2) the order was clear and unambiguous, (3) the alleged contemnor had the ability to comply with the order, and (4) the alleged contemnor violated the order.  Hawkins v. Dep't of Health & Hum. Servs., 665 F.3d 25, 31 (1st Cir. 2012); see Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991) ("[C]ivil contempt will lie only if

---

[2] After this case was dismissed, Plaintiffs in both of the consolidated cases filed three timely Fed. R. Civ. P. 60(b) motions for relief from the order dismissing the case.  I conducted a hearing on those motions, during which I learned that almost all of Plaintiffs' concerns were the result of misunderstanding and unfounded suspicion; to assist Plaintiffs in becoming aware of the elements of religious practice permissible in light of the settlement agreement, I ordered RIDOC to file its plan for implementation of the settlement agreement, which it did.  See Text Order of June 2, 2017; ECF No. 87.  The Fed. R. Civ. P. 60(b) motions were denied based on my report and recommendation.  ECF No. 88, adopted by Text Order (D.R.I July 19, 2017).  These proceedings did not convert the settlement agreement into a court order.  Nor does the plan for implementation amount to a contract.  See ECF No. 87 at 2 (plan states that RIDOC "provided [it] for informational purposes only and does not intend the terms to be considered a contract between the parties").

[3] This motion was referred to me for determination. However, where a motion for contempt was initially pending before the district court but was referred to a magistrate judge, 28 U.S.C. § 636(b)(1)(B) applies and the magistrate judge must proceed by issuing a report and recommendation.  S.E.C. v. Brewer, No. 10 C 6932, 2011 WL 3584800, at *2 (N.D. Ill. Aug. 15, 2011); see also Nat'l Glass & Gate Serv., Inc. v. Serv. Everywhere, L.L.C., C.A. No. 08-186, 2009 WL 3334140, at *1 (D.R.I. Oct. 13, 2009). That is what I have done.

the putative contemnor has violated an order that is clear and unambiguous"). When a contempt motion is not based on an alleged violation of a court order entered in the case, it must be denied. Liberty v. Rhode Island Dep't of Corr., C.A. No. 19-573JJM, 2023 WL 6172253, at *1 (D.R.I. Sept. 22, 2023). Thus, civil contempt "'is imposed either to coerce compliance with a court order or to compensate a party harmed by non-compliance' with a court order." Id. (quoting United States v. Puerto Rico, 642 F.3d 103, 108 (1st Cir. 2011)).

RIDOC's opposition to the contempt motion relies substantively on its inmate mail policy, to which the term sheet is expressly made subject. Pursuant to that policy, as averred to by a Declaration sworn to by Deputy Warden Robert Lantagne, at the time they were confiscated, color copies were not authorized mail because they could be used to mask paper containing suboxone or synthetic cannabinoids. ECF No. 108-1 ¶ 8. Therefore, the confiscation of these color copies was consistent with and not in breach of the settlement agreement as memorialized in the term sheet in that it was not based on content but was pursuant to the inmate mail policy. Id. ¶¶ 6-8. Mindful that contempt requires proof of a violation of a court order by clear and convincing evidence, Hawkins, 665 F.3d at 31, I find that Plaintiff has utterly failed to sustain his burden and recommend that his contempt motion be denied because there appears to be no breach of the settlement agreement.

Even more material, Plaintiff's motion for contempt is unavailing because the settlement agreement was not adopted as an enforceable order of the Court nor did the Court retain jurisdiction over it for enforcement. See Consejo De Salud Playa De Ponce v. Mellado, 533 F. Supp. 3d 57, 59 (D.P.R. 2021) (enforcement jurisdiction extended because dismissal order incorporated settlement agreement terms). Therefore, its breach is not subject to the Court's contempt power. Liberty, 2023 WL 6172253, at *1. This is consistent with what normally

happens with a successful court-annexed mediation.  Rodríguez-Vázquez v. Solivan, 844 F.3d 351, 357 (1st Cir. 2016) ("In the normal successful event, the mediation may result in a private contract between the parties, followed by dismissal"; only occasionally does the court retain jurisdiction or incorporate terms of settlement into court order).  Thus, breach of a settlement agreement may be asserted via a state law breach of contract claim.  Pasholikova v. Maldonado, Civil Action No. 14-11041-MPK, 2015 WL 1038089, at *4 (D. Mass. Mar. 10, 2015) (to extent settlement agreement was breached, remedy is state law claim for breach of contract).  And Plaintiff has filed such a claim in Letourneau v. Rhode Island Dep't of Corr., 22-cv-285-JJM, which I have recommended should survive the Fed. R. Civ. P. 12(b)(6) motion of RIDOC and others to dismiss it.

Based on the foregoing, I recommend that Plaintiff's Rule 70(e) motion for an order of contempt (ECF No. 106) be denied.  Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 1, 2024